FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MAY – 9 2023

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   **4:23-cr-00236-HEA** |
| | ) ) | |
| GAUTAM JAYASWAL, M.D., | ) ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are Defendant Gautam Jayaswal, M.D., ("the Defendant"), represented by defense counsel Nathan F. Garrett and Joseph M. McGroder, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, in exchange for the Defendant's waiver of indictment and voluntary plea of guilty to Count 1of the information, the United States agrees that no further federal criminal prosecutions will be brought in this District relative to the Defendant's **(a)** solicitation and receipt of illegal payments for referring patients to durable medical equipment ("DME") companies and medical testing laboratories for medically unnecessary DME and genetic testing (collectively referred to as "Health Care Services"), and **(b)**

1

the creation, use, and submission of false documents related to health care matters, including patient records and reimbursement claims for Health Care Services, from 2017 to September 30, 2021, of which the Government is aware at this time.

The parties agree that the Defendant may request a sentence below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court, to include a sentence of probation, and pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The Government reserves the right to oppose such a request. The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**3. ELEMENTS:**

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 371, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, two or more persons reached an agreement or came to an understanding to defraud the United States or to commit offenses against the United States;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding either at the time it was first reached or at some time while it was still in effect;

*Three,* at the time the defendant joined the agreement or understanding, he knew the purpose of the agreement or understanding; and

*Four,* while the agreement or understanding was in effect, a person or persons who had joined the agreement or understanding knowingly did one or more overt acts for the purpose of carrying out or carrying forward the agreement or understanding.

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Working primarily as an emergency room physician, the Defendant has been a licensed medical doctor since 1986. During the pertinent timeframe laid out in the Information, the Defendant was licensed to practice medicine in eight states, including Missouri.

From 2017 until 2021, the Defendant contracted with several companies purportedly to perform work as a telemedicine doctor. Those companies included but were not limited to the following: Barton & Associates, DialCare Co, Doctegrity, Doctorology, LLC, USA Management Resources, LLC, Rossiter and Cummaro Enterprises, LLC, RAS/Sunshine Medical, Fix Ur Rx, Rocky Mountain Health, LSW Management Solutions, Physician Acquisition Pas, and MP Network. Through these companies, the Defendant ordered medically unnecessary durable medical equipment and genetic tests (hereinafter referred to as "Health Care Services") for thousands of patients.

The Defendant further admits that, during the timeframe outlined in the Information, the Defendant conspired with individuals affiliated with the above-named companies and other

3

individuals, in violation of Title 18 United States Code, Section 371:

> to defraud a health care benefit program and to obtain, by false and fraudulent representations, money owned by and under the control of a health care benefit program, in connection with the delivery and payment of health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347(a)(1) and (2); and

The Defendant admits that the Medicare and Medicaid Programs are federal health care programs, which will only reimburse enrolled providers for services that have been determined to be medically necessary by a doctor or other qualified provider.

It was part of the conspiracy that between January 2017 and May 2021, the Defendant fraudulently ordered one or more orthotic braces for approximately 1,433 patients. The DME companies that supplied these various braces received approximately $1,366,123.28 from Medicare Part B based on the Defendant's fraudulent orders for orthotic braces. The Defendant knew that these braces were not medically necessary when he submitted these fraudulent orders. Furthermore, the Defendant knew that companies were submitting claims to Medicare for the orthotic braces that were the subject of his fraudulent orders.

It was further part of the conspiracy that between June 2018 and September 2021, the Defendant fraudulently signed genetic test orders and caused the laboratories receiving his genetic test orders to submit reimbursement claims to health care benefit programs. Medicare Part B paid approximately $14,707,687.57, for the 2,061 Medicare Part B patients for whom the Defendant was listed as the ordering physician. The Defendant knew that these genetic tests were not medically necessary when he submitted these fraudulent orders. Furthermore, the Defendant knew that companies were submitting claims to Medicare for the genetic tests that were the subject of his fraudulent orders.

4

The Defendant further admits that on June 16, 2020, Superior Medical Supplies, LLC submitted a claim to Medicare for Patient V.B. to receive multiple braces (2 knee and 2 additional lower extremity braces). The Defendant's prior order of those braces for Patient V.B. was done in furtherance of the conspiracy. Patient V.B. received those braces within the Eastern District of Missouri.

**5. STATUTORY PENALTIES:**

The Defendant fully understands that the maximum possible penalty provided by law for the crime of conspiracy, as charged in Count 1, to which the Defendant is pleading guilty is imprisonment of not more than 5 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

**6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

    a. **Chapter 2 Offense Conduct:**

        (1) **Base Offense Level:** The parties do not have any agreements at this time as to the base offense level.

        (2) **Specific Offense Characteristics:** The parties do not have any agreements at this time as to any specific offense characteristics.

    b. **Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the Defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the Defendant's intention to plead guilty. The parties agree that the Defendant's eligibility for this deduction is based upon information presently known. If, subsequent to the taking of the guilty plea, the Government receives new evidence of statements or conduct by the Defendant which it believes are inconsistent with Defendant's eligibility for this deduction, the Government may present said evidence to the Court, and argue that the Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties have no further agreement regarding any other adjustments.

**c. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the findings of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**d. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which Defendant is pleading guilty and whether the Defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within, below, or above the sentencing guideline range found by the Court.

**b. Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought

7

under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    **a. Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

    **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished

    **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the

8

Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The Defendant agrees to provide full restitution to all victims of all charges in the Information.

**g. Admissions:** Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the Government's case and any defenses.

The guilty plea could impact Defendant's immigration status or result in deportation. In particular, if any crime to which Defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the Defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if the Defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported

by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

3/23/2023
Date

DEREK J. WISEMAN
Assistant United States Attorney

03-21-2023
Date

GAUTAM JAYASWAL, M.D.
Defendant

Date

NATHAN F. GARRETT
Attorney for Defendant